USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 13, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                        :

BARBARA KIRKWEG,                :
                                          :

                    Plaintiff,        :        14-cv-9961 (KBF)
                                          :

             -v-                :       OPINION & ORDER
                                          :

NEW YORK CITY DEPARTMENT OF  :
EDUCATION,                :
                                          :

                  Defendant.     :
                                          :

------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      On December 17, 2014, pro se plaintiff Barbara Kirkweg, the former principal of the Bronx Aerospace High School, brought this action against the New York City Department of Education ("DOE") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  (ECF No. 1.)  On February 29, 2015, the DOE moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because (a) Kirkweg's claims are barred by a release of claims in a prior settlement and (b) Kirkweg's May 29, 2014 charge with the Equal Employment Opportunity Commission ("EEOC") did not constitute protected activity.  (ECF No. 10.)  For the following reasons, defendant's motion to dismiss is GRANTED.

## I.      BACKGROUND[1]

Prior to the instant action, plaintiff litigated a separate lawsuit against the DOE in this District.  On April 2, 2012, Kirkweg filed her initial lawsuit against the DOE alleging a "pattern of retaliation" after having initiated harassment complaints with the EEOC, each of which had been dismissed by the EEOC.  See Kirkweg v. Department of Education, et al. (12-cv-2635) (KPF).  On October 24, 2013, plaintiff and the DOE entered a Settlement Agreement wherein the DOE agreed, inter alia, to "review the Title I funds allocated to Bronx Aerospace High School for fiscal years 2012-2014 and the Special Education funds allocated to Bronx Aerospace High School for fiscal years 2013 and 2014 by October 24, 2013 and address any errors DOE finds."  (Kirkweg I Settlement Agreement ¶ 2, Rubinstein Decl., Ex. B.)  In exchange, Kirkweg executed a general release of claims, which reads in full:

> **KNOW THAT I, BARBARA KIRKWEG,** the Plaintiff in the federal court action entitled *Barbara Kirkweg v. The New York City Department of Education, Chief Academic Officer, and Chancellor*, in the United States District Court for the Southern District of New York, Docket No. 12 Civ. 2635 (KFP)(KNF), in consideration for all of the payments and benefits described in the Settlement Agreement, dated October 22, 2013, do hereby release and discharge the New York City Department of Education ("DOE"), its successors or assigns, and all present and former officials, employees, representatives and agents of the DOE ("Released Parties") from any and all

---

[1] The following facts are taken from plaintiff's Complaint, including attachments related to the proceedings before the EEOC, and from the public record of plaintiff's prior proceedings before the Hon. Katherine Polk Failla in the Southern District of New York, which are attached to the Declaration of Yuval Rubinstein submitted by Defendants in support of this motion.  (ECF No. 13 ("Rubinstein Decl.").)  Kirkweg references the proceedings before Judge Failla in her Complaint. (Compl. at *6, ECF No. 1.)  For the purposes of this motion to dismiss only, the material factual allegations asserted by Plaintiff in the Complaint are deemed to be true.  The public records of plaintiff's prior proceedings are incorporated into the Complaint by reference.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

claims, liabilities and/or causes of action which Plaintiff has or may have against any of the Released Parties based on any act, omission, event or occurrence occurring from the beginning of the world up through and including the date hereof, including, without limitation, any and all claims which were or could have been alleged by Plaintiff in the aforementioned action arising out of the events alleged in the complaint and amended complaint therein, including any claims for damages of any kind, including, but not limited to backpay, personal injury damages, costs, disbursements, and attorneys' fees. This Release may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

(Release of Claims, Rubinstein Decl., Ex. C.)  Less than one month later, Kirkweg claimed the DOE had violated the agreement and requested that the Settlement Agreement be vacated; however, Judge Failla found that the DOE had fully complied with the agreement and denied plaintiff's request.

On May 29, 2014, Kirkweg filed a new EEOC charge of discrimination complaining of being subjected to retaliation and that "[s]ince my filing of a charge and the subsequent law suit, Respondent has underfunded my school by hundreds of thousands of dollars, taken away Title One Federal Funds, and prevented me from granting a pay increase to a member of my staff." (See Complaint at *6, ECF No. 1.)  The EEOC dismissed plaintiff's charge on September 18, 2014.  (See id. at *4.)  Kirkweg claims in the instant action that, in retaliation for filing this EEOC charge, she was denied pay for unused sick days, was rated "Ineffective" in June 2014, and received a letter from the Office of Special Investigations in November 2014 stating that she was under investigation for employee misconduct.  (See id. at ¶ II(E).)

3

II.     STANDARD FOR A RULE 12(B)(6) MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide grounds upon which their claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'"  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"  Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying that standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action."  Id. Furthermore, the Court will give "no effect to legal conclusions couched as factual allegations."  Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).  If the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [Plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate.  Twombly, 550 U.S. at 570.

4

Pro se complaints are to be construed "liberally" and interpreted "'to raise the strongest arguments that they suggest.'" Pabon v. Wright, 459 F.3d 241, 248 (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  Nonetheless, to survive a motion to dismiss, a pro se plaintiff must still plead enough facts to state a claim to relief that is plausible on its face.  See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).

III.   DISCUSSION

Plaintiff's allegations related to the issue of Title I and Special Education funding for her school are barred by the release of claims in the prior Settlement Agreement.  "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 463 (2d Cir. 1998).  The Release of Claims, signed by Kirkweg, is clear and unambiguous in its language releasing the DOE from liability for all claims Kirkweg could have raised "arising out of the events alleged in the complaint and amended complaint."  (Release of Claims, Rubinstein Decl., Ex. C.)  The Settlement Agreement demonstrates that one of the claims Kirkweg released concerned errors in the allocation of Title I and Special Education funding through fiscal year 2014.  (See Settlement Agreement ¶ 2.) Kirkweg does not allege, either in the EEOC charge or the instant Complaint, that the general release was not made "knowingly and voluntarily".  Judge Failla has also ruled that the DOE complied with the requirement to review Title I and Special Education funding.  (See 12-cv-2635 (KPF), ECF No. 152.)  Plaintiff cannot have

another bite at the apple.  Accordingly, the terms of the Settlement Agreement prevent her from re-litigating the issue of Title I and Special Education funding for her school.

Remaining are plaintiff's allegations in the instant Complaint that defendant retaliated against her for filing a complaint with the EEOC on May 29, 2014 regarding the school's funding; she claims that the DOE subsequently denied her unused sick days, rated her "Ineffective" and sent her a letter that she was under investigation for employee misconduct.  Title VII prohibits employers from making employment-related decisions in a discriminatory fashion "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–16(a). Discrimination claims under New York state law are analyzed under the same legal standards as Title VII claims.  Weinstock v. Columbia Univ., 224 F.3d 33, 42 n. 1 (2d Cir. 2000).  To establish a prima facie claim of retaliation, a plaintiff must show (1) participation in a protected activity, (2) defendant's knowledge of such participation, (3) an adverse employment action, and (4) a causal connection between the adverse action and the protected activity.  See Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010).

Plaintiff fails on this first prong.  "Protected activity for purposes of Title VII and NYSHRL retaliation claims encompasses an employee's complaint to supervisors about alleged unlawful activity, even if the activity turned out not to be unlawful, provided that the employee 'had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII.'" Rodas v. Town of Farmington, 567 Fed. Appx. 24, 26 (2d Cir. 2014) (quoting McMenemy v. City of

Rochester, 241 F.3d 279, 285 (2d Cir. 2001)).  "The objective reasonableness of a complaint is to be evaluated from the perspective of a reasonable similarly situated person."  Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 17 (2d Cir. 2013).

Plaintiff may be sincere in her concern for the school's funds, but she did not have a "good faith, reasonable belief" that she was opposing an unlawful practice by filing the EEOC charge about the school's funding.  Her charges were so clearly included in the Release of Claims, and Judge Failla had previously rejected her argument that the DOE had failed to comply with the terms of the agreement.  In addition, plaintiff's concern about the level of funding does not, as a matter of law, constitute protected activity for the purposes of a Title VII, NYSHRL or NYCHRL retaliation claim.  See, e.g., Sumner v. United States Postal Serv., 899 F.2d 203, 208 (2d Cir. 1990) (Title VII prohibits employers from firing workers in retaliation for their opposition to discriminatory employment practices); Kamrowski v. Morrison Management Specialist, No. 05–CV–9234 (KMK), 2010 WL 3932354, at *20 (S.D.N.Y. Sept. 29, 2010) (plaintiff's reporting of alleged "mismanagement" by employer did not constitute protected activity); Montanile v. Nat'l Broad. Co., 211 F. Supp. 2d 481, 488 (S.D.N.Y. 2002) ("Complaints regarding violation of employer policies unrelated to impermissible discrimination do not fall within the scope of Title VII, and, therefore, do not qualify for protection under the statute.").[2]

[2] Plaintiff's related allegation in the EEOC charge that the DOE "prevented me from granting a pay increase to a member of my staff" is similarly unavailing as it did not adversely affect any compensation of plaintiff's own employment, and plaintiff did not have a good faith, reasonable belief that she was opposing an unlawful employment practice.

IV.     CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 10, and to terminate

this action.

SO ORDERED.

Dated:        New York, New York
              May 13, 2015

_____
        KATHERINE B. FORREST
        United States District Judge

cc:
Barbara Kirkweg
2616 Erwin Rd #1440
Durham, NC 27705